IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

IVAN MITCHELL,

|                        |          |
|------------------------|----------|
| Petitioner,            | ORDER    |
| v.                     | 09-cv-513-slc |

MICHAEL THURMER, Warden,
Waupun Correctional Institution,

Respondent.

Ivan Mitchell, a prisoner at the Waupun Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion for a stay. He has paid the $5 filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Petitioner challenges his 2002 conviction in the Circuit Court for Dane County of first degree intentional homicide, attempted first-degree intentional homicide, armed robbery and conspiracy to deliver cocaine. His attempt in the state courts to overturn that conviction on direct appeal was unsuccessful, ending on June 15, 2006 when the Wisconsin Supreme Court denied his petition for review. About a year later, on June 11, 2007, he filed a motion in the circuit court pursuant to Wis. Stat. § 974.06, Wisconsin's collateral attack statute. In the motion, petitioner alleged that his trial lawyer had been ineffective for failing to request a lesser-included jury instruction, failing to file a suppression motion and failing

to renew defendant's severance motion, and that the lawyer who represented petitioner in the initial post-conviction proceeding and direct appeal had been ineffective for failing to pursue these claims.  The circuit court entered an order denying the motion on August 1, 2008. According to the petition and records available electronically, petitioner's appeal from the order denying his § 974.06 motion is pending in the Wisconsin Court of Appeals.

In his habeas petition, petitioner raises the same issues of ineffective assistance of trial and post-conviction counsel that are the subject of his pending state court appeal.  Petitioner concedes that none of these claims has been exhausted and that his petition is therefore premature.  28 U.S.C. § 2254(b)(1)(A) (application for writ of habeas corpus brought by state prisoner shall not be granted unless applicant has exhausted state court remedies). However, he asks the court to stay the petition while he exhausts his state court remedies. Petitioner is concerned that he does not have enough time left of his federal limitations period in which to file a perfected habeas petition after he completes his state court appeal.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a state prisoner generally has one year from the date his state court conviction becomes final in which to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A).  In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court considered whether a federal district court has discretion to stay a mixed federal habeas petition, that is, a petition containing both exhausted and unexhausted claims, to allow the petitioner to present his unexhausted claims to the state court and return to federal court for review of his perfected petition.  The Court ruled that a district court has

2

such discretion in situations in which outright dismissal of a mixed petition could jeopardize the petitioner's ability to later file a timely habeas petition, such as when the petitioner files his application "close to the end of the 1-year period." Rhines, 544 U.S. at 275.  Such stays are granted only if the district court determines there was "good cause" for the petitioner's failure to exhaust his claims first in state court and that the unexhausted claims are not "plainly meritless." Id. at 277.

Assuming that a stay may be appropriate even when none of the claims raised in the petition have been exhausted, the threshold question is whether petitioner would be able to re-file a perfected habeas petition within the one-year limitations period if a stay is not granted.   According to petitioner, only four days of his one-year period under § 2244(d)(1)(A) remain.   However, petitioner's calculation is based on the mistaken assumption that his conviction became "final" on June 15, 2006, when the Wisconsin Supreme Court denied his petition for review.   In reality, petitioner's conviction did not become final until 90 days later, or September 13, 2006 .  Anderson v. Litscher, 281 F.3d 672, 674-675 (7th Cir. 2002) (one-year statute of limitations does not begin to run under §2244(d)(1)(A) until expiration of 90-day period in which prisoner could have filed petition for writ of certiorari with United States Supreme Court).   His one-year limitations period began to run the next day, September 14, 2006.   Petitioner filed his motion for post-conviction relief on June 11, 2007, thereby tolling the federal limitations period on that date, 28 U.S.C. § 2244(d)(2) (one-year limitations period is tolled during time that properly

3

filed application for post-conviction relief is pending), and it remains tolled to this day. Thus, petitioner has 94, not four, days remaining on his federal habeas clock.

With 94 days remaining, petitioner has sufficient time to prepare and file a federal habeas petition after he exhausts his state court remedies.  Accord Crews v. Horn, 360 F.3d 146, 154 (3rd Cir. 2004) (petitioner ought to be able to file application for state post-conviction relief within 30 days and return to federal court within 30 days after state court exhaustion is completed); Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002)(same); Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001) (same).  Because he does not risk running afoul of the statute of limitations, his motion for stay must be denied and his petition dismissed without prejudice.

## ORDER

IT IS ORDERED that the petition of Ivan Mitchell for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for his failure to exhaust his state court remedies. Petitioner's motion for a stay is DENIED.

Entered this 21st day of August, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

4